IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| QUINCY DEMONE HODGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 620-094 |
| ) | |
| FLOYD BOBBITT, Head Warden; GEORGIA ) | |
| STATE PRISON; DUPRE, Store Clerk; and ) | |
| CO BYRD, ) | |
| ) | |
| Defendants. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

### I. SCREENING THE COMPLAINT

#### A. BACKGROUND

Plaintiff names as Defendants: (1) Warden Floyd Bobbitt; (2) Georgia State Prison; (3) Dupre; and (4) CO Byrd. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On June 23, 2020, Plaintiff's inmate trust account was charged $42.77 for a commissary order he never received because Defendant Byrd locked Plaintiff's "handcuff flap and . . . tray slider door with a master lock." (Id. at 5.) The store clerk, Mr. Dupre, did not give Plaintiff the

purchased commissary items because he could not open the lock to Plaintiff's cell door. (Id.) Mr. Dupre returned the items to the store but the money was never refunded. (Id.) For relief, Plaintiff requests compensatory damages and reimbursement. (Id. at 6.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'"

or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim against any Defendant for the Deprivation of His Property

The Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law."  Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986).  Georgia has created a civil cause of action for the wrongful deprivation of personal property.  O.C.G.A. § 51-10-1.  This statutory provision covers the unauthorized deprivation of an inmate's property by prison officials.  Grant v. Newsome, 411 S.E.2d 796, 799 (Ga. App. 1991) (holding wardens of prison who froze inmate account did not give rise to federal § 1983 action because adequate state post deprivation remedy was available to redress inmate's property damage).  The statutory cause of action constitutes an adequate post-deprivation remedy under Parratt.  See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987).  Thus, Plaintiff has an adequate remedy at State law, and he fails to state a valid § 1983 claim.

II.   **MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

On March 1, 2021, Plaintiff filed a Motion for Leave to File an Amended Complaint, requesting to add the Georgia Department of Corrections ("GDC") as a party. (Doc. no. 14.) Federal Rule of Civil Procedure 15, which governs amendment of pleadings, provides as follows:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

If a party is not entitled to amend as a matter right under Rule 15(a)(1), then "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*); Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008).

However, "[a] . . . court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Muhammad v. Sapp, 494 F. App'x 953, 958 (11th Cir. 2012) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)). An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)). Further, "[a] motion for

4

leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279-80 (11th Cir. 1999) (citing Wisdom v. First Midwest Bank, 167 F.3d 402, 409 (8th Cir. 1999)).

Adding GDC would be futile because, as explained above, Plaintiff fails to state a valid § 1983 claim for the deprivation of his property. In addition, "[t]he Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."); Stevens, 864 F.2d at 115 (Eleventh Amendment bars suit against GDC); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent."). Accordingly, the Court **DENIES** Plaintiff's motion to amend. (Doc. no. 14.)

### III.     MOTION TO ALLOW ACCESS TO DOCUMENTS

Plaintiff requests the Court allow Jonathan Lacy to access Plaintiff's legal documents because Plaintiff's incarceration limits his communication with the Court. (Doc. no. 15.) The Court **DENIES** Plaintiff's motion. (Id.) Mr. Lacy is not Plaintiff's counsel, and Plaintiff may send Mr. Lacy copies of his legal documents at his own expense.

### IV.     CONCLUSION

For the reasons set forth above, the Court **DISMISSES** Plaintiff's complaint for failure to state a claim upon which relief can be granted, **DENIES** Plaintiff's motions to file an

amended complaint and allow access to documents, (doc. nos. 14-15), and **CLOSES** this civil action.

SO ORDERED this 5th day of March, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA